# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TINA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| JACOB COLLECTION GROUP LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Tina Anderson (f/k/a Tina Gilmore), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

2.  The Plaintiff is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

3. The Defendant, Jacob Collection Group LLC ("Jacobs"), is incorporated in Mississippi and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. The alleged debt of the Plaintiff claimed by the Defendant was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff and third parties in a manner which violated the FDCPA.

10. On or about May 13 2009, the Defendant left a collection message on the home answering machine of Becky Peterson, the Plaintiff's sister.

11. The phone number was not registered to the Plaintiff.

12. The Defendant knew or should have known the phone number was not registered to the Plaintiff.

13. The aforementioned message stated or substantially stated that Diane with the Jacob Collection Group was calling, she knew that the Plaintiff may or may not live there, and asked the message recipient to have the Plaintiff return the call to Diane at the Jacob Collection Group at 877-238-2868 ext. 425.

14. The aforementioned message was the first communication between the Defendant and the Plaintiff.

15. The aforementioned actions were done willfully and knowingly.

16. The Plaintiff did not reside in the residence where the Defendant left the message.

17. The message was heard by a third party, Becky Peterson.

18. The Defendant failed to send the Plaintiff a validation notice within five days of the initial communication

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

19. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

21. The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

22. The Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse in violation of § 1692d.

23. The Defendant violated § 1692b by communicating with a third party for purposes other than acquiring location information.

24. The Defendant communicated with a person other than the Plaintiff, without the prior consent of the Plaintiff or the permission of the Court, and for purposes other than effectuating a judgment, in violation of § 1692c(b).

25. The Defendant failed to send the Plaintiff a thirty-day validation notice within five days of the initial communication in violation of § 1692g.

26. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendant knew or should have known that said conduct was improper.

30. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

31. The Defendants negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

32. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

33.	The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34.	The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

35.	The Defendant knew or should have known that said conduct was improper.

36.	The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

37.	The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

38. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

### COUNT FOUR
### INVASION OF PRIVACY

39. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

40.	Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

41. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy.  Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into

paying a debt.

42. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

43. Said communications constitute the wrongful intrusion into her solitude and seclusion.

44. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

45. The acts and omissions of the agents/employees of the Defendant who communicated with the Plaintiff complained of were committed within the scope of their employment or agency relationship with their employer or principal.

46. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform by Defendant in the collection of consumer debts such as the consumer debt allegedly owed by the Plaintiff.

47. By committing these acts and omissions against the Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

48. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees in their attempts to collect this alleged debt from the Plaintiff.

### **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the Defendant as follows:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA and state law claims;

    B.    Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

    C.    Actual damages for the Defendant's violations of the FDCPA;

    D.    Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

    E.    Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and

    F.    Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ W. Whitney Seals
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

/s/ Michael W. Lindsey
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

/s/ John C. Hubbard

John C. Hubbard
ASB-8252-H46H
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233